# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL STAR INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 5760 |
| | ) | |
| v. | ) | Wayne R. Andersen |
| | ) | District Judge |
| YASEEN ODEH, M.D.; VIVIAN SIERRA | ) | |
| BIRRIEL, Individually and as Independent | ) | |
| Administrator of the Estate of TONY BIRRIEL, | ) | |
| Deceased; SAFDAR ALI, M.D.; ERIC | ) | |
| CHUANG M.D.; QAISER JAMAL, M.D.; | ) | |
| IBRAHIM AHMAD MAJZOUB, M.D.; | ) | |
| MADHAVI NARENDAR RAO, M.D.; | ) | |
| ALEJANDRO MUNAR RARANG, M.D.; | ) | |
| NUNILO RUBIO, M.D.; and NORWEGIAN | ) | |
| AMERICAN HOSPITAL, INC., a corporation. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on cross-motions for summary judgment [76, 79] on Count I in Plaintiff's two-count complaint. In Count I of Plaintiff General Star Indemnity Company's complaint, Plaintiff seeks a declaration that a coverage exclusion clause in a Physicians & Surgeons Professional Liability Insurance Policy issued to Defendant Yassen Odeh, M.D. (Dr. Odeh) exempts Plaintiff from defending Dr. Odeh in an underlying medical malpractice lawsuit. For the following reasons, Plaintiff's motion for partial summary judgment [76] is denied, and Defendants' motion for partial summary judgment [79] is granted.

## BACKGROUND

The following facts are not in dispute. Plaintiff issued to Dr. Odeh a Physicians & Surgeons Professional Liability Insurance Policy (The Policy) with the following relevant exclusion (The Exclusion):

> **Section IX: Exclusions**
> This policy does not apply, and the Company shall not be obligated to defend, pay costs or expenses, pay damages on behalf of or indemnify the insured, with respect to:
>
> **(2). Altered Medical Records** – any claim involving medical records of any person that have been altered or modified not in accordance with medically accepted standards by the insured or any person for whose acts or omissions the insured is legally responsible.

In 2005, Dr. Odeh sought coverage under The Policy after a medical malpractice suit was filed against Dr. Odeh. Consequently, Plaintiff filed this action asking this Court to declare, pursuant to The Exclusion, no coverage exists because Dr. Odeh admitted in a deposition to altering medical records.

More specifically, in June of 2005, the Estate of Tony Birriel filed a medical malpractice suit (Malpractice Suit) against Dr. Odeh. The Estate alleged Dr. Odeh's negligent decision making and treatment of Birriel's fatal cardiac condition caused Birriel's death. In a deposition taken in the Malpractice Suit, Dr. Odeh admitted he made additions to Birriel's medical records after Birriel's death. These additions to the medical records included elaborations on Birriel's prior medical problems, Dr. Odeh's plans for treating Birriel, and Dr. Odeh's attempts to transfer Birriel to Cook County Hospital. Additionally, during the course of the Malpractice Suit, Dr. Odeh filed for bankruptcy. In the bankruptcy proceeding, the Estate of Tony Birriel filed an Adversary Complaint in which the Estate alleges that Dr. Odeh made alterations to medical records in order to exonerate or minimize Dr. Odeh's potential legal liability.

As a result of Dr. Odeh's admissions and the Adversary Complaint, Plaintiff claims that the Malpractice Suit "involved" altered or modified medical records. Thus, pursuant to The

Exclusion, Plaintiff claims they have no obligation to defend or indemnify Dr. Odeh with regards to the Malpractice Suit. On the other hand, Dr. Odeh argues the Malpractice Suit is not a claim regarding the alteration of medical records. Dr. Odeh claims "the underlying lawsuit was based on an argument that [Dr. Odeh]'s medical judgment, decision making and medical treatment of [Birriel] was negligent." The Malpractice Suit, according to Dr. Odeh, does not allege that the addition of notes contributed to Birriel's death. In summary, both sides disagree about the plain and ordinary meaning of The Exclusion and filed cross motions for partial summary judgment.

For the following reasons, this Court finds the Exclusion Clause reasonably ambiguous as to whether the Dr. Odeh's alteration of medical records precludes coverage under The Policy. Therefore, in accordance with well established Illinois law, this Court finds in favor of the Defendants for Count I and grants Defendants' motion for partial summary judgment. Consequently, this Court denies Plaintiff's motion for partial summary judgment.

## LEGAL STANDARD

Under 28 U.S.C. § 2201, this Court has the authority to "declare the rights and other legal relations of any interested party" who presents "a case of actual controversy." The issues presented in the parties' motions for summary judgment are all questions regarding the parties' contractual rights and therefore, can be addressed in a declaratory judgment. In addition, summary judgment is appropriate when, as in this case, there are no disputed issues of material fact and judgment may be entered as a matter of law. See Fed. R. Civ. P. 56. The interpretation of an insurance contract is a question of law to be decided by the court. *Zurich Ins. Co. v. Heil Co.*, 815 F.2d 1122 (7th Cir. 1987).

## DISCUSSION

Illinois law of contract interpretation provides that the words of an insurance policy should be "given their plain and ordinary meaning." *Hudson Insurance Company, v. Gelman Sciences, Inc.*, 921 F.2d 92, 94 (7th Cir. 1990). When interpreting an insurance contract, a court must read all of the provisions together, as opposed to reading them in isolation, to determine whether an ambiguity exists. *Id*. A provision is ambiguous if it is subject to more than one reasonable interpretation and in such instances, the provision is interpreted in favor of the insured and against the insurer. *See United States Fire Insurance Company v. Schnackenberg et al.*, 429 N.E.2d 1203, 1205 (Ill. 1981). "However, if the provisions of the insurance policy are clear and unambiguous there is no need for construction and the provisions will be applied as written." *Id*. Furthermore, when interpreting an exclusion clause that denies coverage, the Insurer bears the burden of establishing that the exclusion applies. *See Pipefitters Welfare Educational Fund v. Westchester Fire Insurance Co.*, 976 F.2d 1037, 1043 (7th. Cir. 1992).

Although each party offers various legal arguments about exclusion clauses, claims, and continuing duties to defend insured parties, this dispute hinges on the interpretation of the word "involving" contained within The Exclusion. Plaintiff argues the plain language of The Exclusion applies to any claim that includes evidence of altered medical records not in accordance with medically accepted standards. Specifically, Plaintiff references Webster's II New College Dictionary to define "involve" as "to include as a part." Thus, according to Plaintiff, The Exclusion applies in this case because Dr. Odeh's testimony in a deposition in the Malpractice Suit includes admissions of alternations of medical records.

This Court disagrees with Plaintiff and finds The Exclusion's plain and ordinary language reasonably ambiguous. The definition from Webster's II New College Dictionary cited above is not the only definition of "involve." The Eleventh Edition of Merriam-Webster's

Collegiate Dictionary defines "involve" also as "to require as a necessary accompaniment." Under this definition of "involve," this Court could reasonably interpret The Exclusion to only encompass claims that premise liability, at least in part, on the alteration of medical records.

However, the complaint in the Malpractice Suit as presented to this court by both parties is based on Dr. Odeh's alleged negligent medical decision making and not on the alterations of medical records. Specifically, the Malpractice Suit alleges that Dr. Odeh failed to "properly monitor Decedent's cardiac condition," take a reasonable medical history, order reasonable diagnostic tests, quickly diagnose cardiac arrests and other heart problems, and transfer Birriel in a timely fashion to a hospital with adequate facilities and specialists. The Malpractice Suit does not allege that the alteration of medical records was a factor in Birriel's death. In fact, the parties both acknowledge Dr. Odeh's alteration of medical records occurred months after Birriel's death on April 18, 2004. It should be noted that this Court makes no finding and expresses no opinion as to the facts and law involved in the Malpractice Suit.

Pursuant to well established Illinois law, this Court is not required to split hairs to pick between various reasonable interpretations of The Exclusion. If an insurance policy is ambiguous and can be reasonably interpreted in favor of either party, the Court interprets the policy in favor of the insured and against the insurer. *See U.S. Fire Ins. Co.*, 429 N.E.2d at 1205. Thus, this Court finds in favor of the Defendants with regards to Count I of Plaintiff's complaint and grants Defendants' motion for partial summary judgment. Consequently, this Court denies Plaintiff's motion for partial summary judgment.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for partial summary judgment [76] is denied, and Defendants' motion for partial summary judgment [79] is granted.

It is so ordered.

_____
Wayne R. Andersen

United States District Court


Dated: July 23, 2010